## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 1:06-CR-172** |
| | § | |
| **STEVEN AUBREY BURNETTE** | § | |

## REPORT AND RECOMMENDATION RE:
## DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On March 22, 2007, the court ordered a psychiatric exam to determine if defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  (Docket No. 17). Defendant subsequently received an evaluation by Dr. Randall Rattan, a forensic psychologist at the Federal Correctional Institution in Fort Worth, Texas.  On July 6, 2007, Dr. Rattan returned a copy of his psychiatric report.

The psychiatric report concludes that in the opinion of Dr. Rattan, defendant does not suffer from a mental disease or defect rendering him unable to understand

the nature and consequences of the proceedings against him or to properly assist in his defense.

A competency hearing was conducted on September 4, 2007.[1]  At the hearing, defendant appeared in court with counsel, Gary R. Bonneaux, Esq.  The court admitted into evidence the psychiatric report detailing the results and findings, and the government, defendant, and defense counsel indicated no objections to the conclusions in the report.[2]

The undersigned therefore concludes that defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

---

[1]     Courts differ on whether defendants' competency determinations are within a magistrate judge's dispositive authority.  Compare United States v. Hamilton, 107 F.3d 499 (7th Cir. 1997) (Magistrate Judge Goodstein determined competency of defendant to stand trial) with United States v. Robinson, 253 F.3d 1065 (8th Cir. 2001)(magistrate judge issued report and recommendation to district judge regarding defendant's competency to stand trial).

Absent explicit instructions from the governing United States Court of Appeals for the Fifth Circuit on this issue, to fully preserve the prerogative of the district judge to whom this case is assigned, and to provide adversely-affected parties with equal opportunity for review, the undersigned elects to submit a report and recommendation, rather than rule on the matter.

[2]     Defendant contested factual assertions made concerning his conduct during the examination.  The undersigned has not taken those disputed factual assertions into account when making this recommendation.

## RECOMMENDATION

The court should find defendant competent to stand trial because he under-stands the proceeding against him and has the ability to assist his attorney under Title 18 U.S.C. § 4241.

## OBJECTIONS

Title 28 U.S.C. § 636 normally gives parties ten (10) days to object to recommendations submitted by magistrate judges.  However, as the parties have agreed that defendant is competent, and this report recommends that defendant be found competent, the court may act on the report and recommendation immediately.

SIGNED this __7__ day of September, 2007.


_____
Earl S. Hines
United States Magistrate Judge